**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PLATINUM REALTY AND HOLDINGS, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br>vs.<br><br>REVA K. LARSEN, an individual; BANK OF AMERICA, N.A., a National Association; and any and all other persons unknown claiming any right, title, estate, lien or interest in the Property adverse to the Plaintiff's ownership, or any cloud upon Plaintiff's title thereto (DOES 1 through 10, inclusive),<br><br>    Defendants. | Case No.: 2:14-cv-00168-GMN-VCF<br><br>**ORDER** |

Before the Court is the question of whether to stay this action pending certification of question to the Nevada Supreme Court. The Court conducted a hearing on February 28, 2014, and issued a bench ruling in the affirmative. Accordingly, this Order serves to memorialize the Court's bench ruling.

**I.    BACKGROUND**

This action relates to a foreclosure sale purportedly conducted in accordance with Chapter 116 of the Nevada Revised Statutes on residential real property located at 10416 Amber Night Street, Las Vegas, Nevada, APN # 177-26-420-007 (the "Subject Property").

In August 2008, Defendant Reva K. Larsen ("Larsen") purchased the Subject Property with a mortgage loan secured by a Deed of Trust.[1] (Req. for Judicial Notice Ex. A, ECF No. 11-1.) The Deed of Trust also included a "Planned Unit Development Rider," indicating that

---

[1] The Deed of Trust was recorded in Clark County as Book and Instrument No. 20080820-0003291. (Req. for Judicial Notice Ex. A, ECF No. 11-1.)

the Subject Property is part of the Lamplight Gardens at Silverado Ranch HOA ("Lamplight Gardens HOA"). (*See id.* at 12–13.)  In September 2011, the Deed of Trust was assigned to Defendant Bank of America, N.A ("Bank of America").[2] (Req. for Judicial Notice Ex. B, ECF No. 11-2.)  At some point after purchasing the property, Larsen failed to pay the assessments due under the Declaration of Covenants, Conditions and Restrictions ("CC&Rs")[3] recorded by Lamplight Gardens HOA. (*See* Req. for Judicial Notice Ex. C, ECF No. 11-3.)  As a result, Absolute Collection Services, LLC ("ACS"), as agent for Lamplight Gardens HOA, recorded a Notice of Delinquent Assessment Lien in Clark County as Book and Instrument No. 20120605-0000031. (*Id.*)  And, on August 9, 2012, ACS recorded a Notice of Default and Election to Sell Under Homeowners Association Lien as Book and Instrument No. 20120809-0000712. (Req. for Judicial Notice Ex. D, ECF No. 11-4.)  Subsequently, on December 6, 2012, ACS recorded a Notice of Trustee's Sale, as Book and Instrument No. 20121206-0000655, in which ACS stated that it would sell the Subject Property at public auction on February 12, 2013 at 4:00 PM. (Req. for Judicial Notice Ex. E., ECF No. 11-5.)

      After the public auction, ACS recorded a Trustee's Deed Upon Sale, as Book and Instrument No. 20130516-0004005, in which ACS conveyed the Subject Property to the successful bidder, CSC Acquisition & Holding LLC, in exchange for $11,500. (Req. for Judicial Notice Ex. F, ECF No. 11-6.)  Subsequently, CSC Acquisition & Holding recorded a Quitclaim Deed in which it conveyed its interest in the Subject Property to Plaintiff Platinum Realty & Holdings ("Plaintiff").[4] (Req. for Judicial Notice Ex. G, ECF No. 11-7.)

      On January 3, 2014, Plaintiff filed its Complaint in the Eighth Judicial District Court for

---

[2] The Assignment was recorded in Clark County as Book and Instrument No. 20111010-0000262. (Req. for Judicial Notice Ex. B, ECF No. 11-2.)
[3] The CC&Rs were recorded in Clark County as Book and Instrument No. 20050727-0000659. (Req. for Judicial Notice Ex. C, ECF No. 11-3.)
[4] The Quitclaim Deed was recorded in Clark County as Book and Instrument No. 20130523-0004298. (Req. for Judicial Notice Ex. G, ECF No. 11-7.)

Clark County, Nevada requesting declaratory relief and an order quieting title in Plaintiff's name free and clear of all other claims or interests to the Subject Property. (Notice of Removal Ex. A ("Compl."), at ¶¶ 12–17, ECF No. 1-1.)  Defendant Bank of America later removed the action to this Court (Notice of Removal, ECF No. 1) and filed a Motion to Dismiss (ECF No. 10) and a Request for Judicial Notice (ECF No. 11).

The primary issue in dispute is whether Bank of America's interest under the Deed of Trust was extinguished by the foreclosure sale conducted pursuant to Chapter 116 of Nevada Revised Statutes. (*See* Compl., ¶¶ 12–17.)  In its Request for Judicial Notice, Bank of America provides copies of the following publicly recorded documents:

1. the Deed of Trust (Ex. A) naming Universal American Mortgage company, LLC as beneficiary;
2. the Assignment (Ex. B) transferring the beneficial interest in the Deed of Trust to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP, as of September 2011;
3. the Notice of Delinquent Assessment Lien (Ex. C) recorded on June 5, 2012, by Absolute Collection Services, LLC, as agent for Lamplight Gardens at Silverado Ranch HOA;
4. the Notice of Default and Election to Sell Under Homeowners Association Lien (Ex. D) recorded by Absolute Collection Services, LLC as agent for Lamplight Gardens at Silverado Ranch HOA;
5. the Notice of Trustee's Sale (Ex. E) recorded on December 6, 2012, scheduling the sale of the Subject Property for February 12, 2013, at 4:00 PM;
6. the Trustee's Deed Upon Sale (Ex. F.) for the February 12, 2013, sale conducted pursuant to the June 5, 2012, Notice of Delinquent Assessment Lien and the December 6, 2012 Notice of Trustee's Sale; and

7. the Quitclaim Deed (Ex. G) conveying the interest that CSC Acquisitions & Holdings, LLC purchased at the February 12, 2013, Trustee's Sale to Platinum Realty & Holdings.

(ECF No. 11.)

## II. LEGAL STANDARD

The Nevada Supreme Court may answer questions of law "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5.

Rule 5 of the Nevada Rules of Appellate Procedure, "Certification of Questions of Law," provides, in part:

> **(a) Power to Answer.** The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.
> **(b) Method of Invoking.** This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
> **(c) Contents of Certification Order.** A certification order shall set forth:
>   (1) The questions of law to be answered;
>   (2) A statement of all facts relevant to the questions certified;
>   (3) The nature of the controversy in which the questions arose;
>   (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
>   (5) The names and addresses of counsel for the appellant and respondent; and
>   (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. Appellate P. 5(a)-(c).

/ / /

### III. DISCUSSION

Chapter 116 of Nevada Revised Statutes codifies Nevada's Uniform Common-Interest Ownership Act, and, with some exceptions, applies to all common-interest communities created in Nevada, including associations of unit owners organized under a properly recorded declaration. Nev. Rev. Stat. §§ 116.001, -.1201, -.2101, -.3101.

"Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." Nev. Rev. Stat. § 116.1113. "The principles of law and equity, including . . . the law of real property, and the law relative to capacity to contract, principal and agent" supplement the provisions of this chapter except to the extent these principles are inconsistent with its provisions. Nev. Rev. Stat. § 116.1108.

Under section 116.3116, an association has a lien on a unit for assessments levied against that unit. Nev. Rev. Stat. § 116.3116(1). Such a lien is prior to all other liens and encumbrances, with certain exceptions. Nev. Rev. Stat. § 116.3116(2).

One exception to this priority rule is "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b). However, under the so-called "super-priority" provision, the lien is prior to this security interest "to the extent of" charges under § 116.310312[5] and assessments

---

[5] The current full text of this provision is the following:
> The lien is also prior to all security interests described in paragraph (b) to the extent of *any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of* the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien. If federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien, the period during which the lien is prior to all security interests described in paragraph (b) must be determined in accordance with those federal regulations, except that notwithstanding the provisions of the federal regulations, the period of priority for the lien must not be less than the 6 months immediately preceding institution of an action to enforce the lien. This subsection does not affect the priority of mechanics' or materialmen's liens, or the priority of liens for other assessments made by the association.

for common expenses under § 116.3115 "which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien," unless federal regulations require a shorter period. Nev. Rev. Stat. § 116.3116(2).

Under section 116.31162, an association may foreclose its lien by sale under certain conditions. Nev. Rev. Stat. § 116.31162.  In 2013, the Nevada Legislature added the following provision, effective October 1, 2013, which applies "only with respect to trust agreements for which a notice of default and election to sell is recorded on or after October 1, 2013":

> The association may not foreclose a lien by sale if:
> (a) The unit is owner-occupied housing encumbered by a deed of trust;
> (b) The beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee has recorded a notice of default and election to sell with respect to the unit pursuant to subsection 2 of NRS 107.080; and
> (c) The trustee of record has not recorded the certificate provided to the trustee pursuant to subparagraph (1) or (2) of paragraph (d) of subsection 2 of NRS 107.086.
> As used in this subsection, "owner-occupied housing" has the meaning ascribed to it in NRS 107.086.

Act of June 12, 2013, ch. 536, AB 273, 2013 Nev. Laws 3483 (current version at Nev. Rev. Stat. § 116.31162(6)).

Here, because Platinum Realty and Holdings, LLC contends that Bank of America's interest was extinguished by the foreclosure sale, the question of law that may determine the outcome of this action is whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.  The Court finds that the Nevada Supreme Court has not directly addressed the question and there appears to be no controlling precedent in the decisions of the Nevada Supreme Court.

---

Nev. Rev. Stat. § 116.3116(2) (emphasis added).  The clause, "any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of," and the entirety of § 116.310312 were added by the Nevada Legislature in 2009. *See* Act of May 28, 2009, ch. 248, AB 361, 2009 Nev. Laws 1007.

Accordingly, and as discussed at the hearing, the Court will certify the following question of law:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the following question of law is **CERTIFIED** to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

*See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3). Bank of America, N.A., is designated as the Appellant, and Platinum Realty and Holdings, LLC, is designated as the Respondent. *See* Nev. R. App. P. 5(c)(4). The names and addresses of counsel are as follows:

| **Bank of America, N.A.** | **Platinum Realty & Holdings, LLC** |
|---|---|
| Ariel E. Stern | Michael V. Infuso |
| Nevada Bar No. 8276 | Nev. Bar No. 7388 |
| Email: ariel.stern@akerman.com | Email: minfuso@greeneinfusolaw.com |
| | |
| Christina S. Bhirud | Zachary P. Takos |
| Nevada Bar No. 11462 | Nev. Bar No. 11293 |
| Email: christina.bhirud@akerman.com | Email: ztakos@greeneinfusolaw.com |
| | |
| Akerman LLP | Greene Infuso, LLP |
| 1160 Town Center Drive, Suite 330 | 3030 S. Jones Blvd, Suite 101 |
| Las Vegas, NV 89144 | Las Vegas, NV 89146 |
| (702) 380-8572 | (702) 570-6000 |
| Fax: (702) 380-8572 | Fax: (702) 463-8401 |

1  *See* Nev. R. App. P. 5(c)(5).  Further elaboration upon the certified question is included in this
2  Order, in the Defendant's Notice of Removal (ECF No. 1), in Plaintiff's Complaint (ECF No.
3  1-1), in Bank of America's Motion to Dismiss (ECF No. 10), and in Bank of America's
4  Request for Judicial Notice (ECF No. 11). *See* Nev. R. App. P. 5(c)(6).

5  **IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the
6  Clerk of the Nevada Supreme Court under the official seal of the United States District Court
7  for the District of Nevada. *See* Nev. R. App. P. 5(d).

8  **IT IS FURTHER ORDERED** that all other pending motions are **DENIED without**
9  **prejudice**, with permission to re-file upon resolution of the Court's Certified Question to the
10 Nevada Supreme Court.

11 **IT IS FURTHER ORDERED** that, beginning June 1, 2014, and every three months
12 thereafter, the parties shall submit a Joint Status Report, including a statement from Platinum
13 Realty and Holdings, LLC, affirming that all taxes, fees and maintenance fees are current and
14 up to date.

15 **DATED** this 17th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court